# EXHIBIT 1

**Scharf-Norton Center for Constitutional Litigation at the
GOLDWATER INSTITUTE**
Clint Bolick (Arizona Bar No. 021684)
Kurt M. Altman (Arizona Bar No. 015603)
500 E. Coronado Rd., Phoenix, AZ 85004
(602) 462-5000
litigation@goldwaterinstitute.org
*Attorneys for Intervenor-Defendants Five Individuals*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| THE ARIZONA STUDENTS' ASSOCIATION, | ) ) ) | 2:13-cv-00306 |
| Plaintiff, | ) ) ) | **ANSWER OF FIVE INDIVIDUAL INTERVENOR-DEFENDANTS** |
| vs. | ) ) | |
| THE ARIZONA BOARD OF REGENTS, | ) ) | |
| Defendant. | ) | |

Pursuant to Rule 24(c), Fed. R. Civ. Pro., a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Pursuant to Rule 7(a), Fed. R. Civ. P., the most appropriate "pleading" for which the proposed Intervenor-Defendants may submit is an answer to the Plaintiff's complaint. This answer set out the defenses for which intervention is sought, including affirmative and other defenses. Intervenor-Defendants do not, by this pleading accompanying their Motion to Intervene, waive any defenses.

1. Paragraph 1 of the Complaint merely describes the alleged basis for Plaintiff's Complaint and does not require a response.

2. Intervenor-Defendants ADMIT the allegations in paragraph 2 of the

1

Complaint.

3. Intervenor-Defendants ADMIT the allegations in paragraph 3 of the Complaint.

4. Intervenor-Defendants ADMIT the allegations in paragraph 4 of the Complaint.

5. Intervenor-Defendants ADMIT the allegations in paragraph 5 of the Complaint.

6. Intervenor-Defendants ADMIT the allegations in paragraph 6 of the Complaint.

7. Intervenor-Defendants ADMIT the allegations in paragraph 7 of the Complaint.

8. Intervenor-Defendants ADMIT the allegations in paragraph 8 of the Complaint.

9. The Intervenor-Defendants ADMIT the allegations in paragraph 9 of the Complaint.

10. The Intervenor-Defendants ADMIT that the fee was not mandatory however affirmatively state that students received inadequate notice of the opportunity to request a refund. ASA's procedures were designed and published in a manner that made the opportunity for a student to obtain a refund theoretical rather than practical.

11. The Intervenor-Defendants ADMIT the allegation in paragraph 11 of the Complaint.

12. The Intervenor-Defendants ADMIT the allegations in paragraph 12 of

the Complaint.

13. The Intervenor-Defendants ADMIT that the fee was not mandatory however affirmatively state that students received inadequate notice of the opportunity to request a refund. ASA's procedures were designed and published in a manner that made the opportunity for a student to obtain a refund theoretical rather than practical.

14. The Intervenor-Defendants ADMIT the allegations in paragraph 14 of the Complaint.

15. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 15 of the Complaint.

16. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 16 of the Complaint.

17. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 17 of the Complaint.

18. The Intervenor-Defendants ADMIT the allegations in paragraph 18 of the Complaint.

19. The Intervenor-Defendants ADMIT the allegations in paragraph 19 of the Complaint.

20. The Intervenor-Defendants ADMIT the allegations in paragraph 20 of the Complaint.

21. The Intervenor-Defendants ADMIT that ASA publically advocated for the continuation of the one cent sales tax created by Proposition 100.

22. The Intervenor-Defendants ADMIT the allegations in paragraph 22 of

the Complaint.

23. The Intervenor-Defendants ADMIT the allegations in paragraph 23 of the Complaint.

24. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 24.

25. The Intervenor-Defendants ADMIT that ASA collected signatures to support Proposition 204; however do not currently possess sufficient information as to the quantity of signatures collected.

26. The Intervenor-Defendants ADMIT the allegations in paragraph 26 of the Complaint.

27. The Intervenor-Defendants ADMIT the allegations in paragraph 27 of the Complaint.

28. The Intervenor-Defendants ADMIT the allegations in paragraph 28 of the Complaint.

29. The Intervenor-Defendants ADMIT the allegations in paragraph 29 of the Complaint.

30. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 30 of the Complaint.

31. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 31 of the Complaint.

32. The Intervenor-Defendants ADMIT the allegations in paragraph 32 of the Complaint.

33. The Intervenor-Defendants ADMIT the allegations in paragraph 33 of the Complaint.

34. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 34 of the Complaint.

35. The Intervenor-Defendants do not currently possess sufficient information to either ADMIT or DENY the allegations in paragraph 35 of the Complaint.

36. The Intervenor-Defendants ADMIT the allegations in paragraph 36 of the Complaint.

37. The Intervenor-Defendants ADMIT the allegations in paragraph 37 of the Complaint.

38. The Intervenor-Defendants ADMIT the allegations in paragraph 38 of the Complaint.

39. The Intervenor-Defendants ADMIT the allegations in paragraph 39 of the Complaint.

40. The Intervenor-Defendants ADMIT the allegations in paragraph 40 of the Complaint.

41. The Intervenor-Defendants DENY the allegations in paragraph 41 of the Complaint.

42. The Intervenor-Defendants ADMIT the allegations in paragraph 42 of the Complaint.

43. The Intervenor-Defendants ADMIT the allegations in paragraph 43 of the Complaint.

44. The Intervenor-Defendants DENY the allegations set forth in paragraph 44 of the Complaint, which consist of Plaintiff's legal conclusions.

45. The Intervenor-Defendants DENY the allegations set forth in paragraph 45 of the Complaint, which consists of Plaintiff's legal conclusions.

46. The Intervenor-Defendants DENY the allegations set forth in paragraph 46 of the Complaint, which consist of Plaintiff's legal conclusions.

47. The Intervenor-Defendants DENY the allegations set forth in paragraph 47 of the Complaint, which consist of Plaintiff's legal conclusions.

## DEFENSES

1. Plaintiff's Complaint fails to meet the standards set out in Fed. R. Civ. P. 12(b)(6), as it does not state a cause of action that is "plausible on its face." *Bell Atlantic Corp. v. Twomby*, 550 U.S. 544, 570 (2007).

2. Plaintiff's requested relief would violate the individual Intervenor-Defendants First Amendment right to freedom of speech and expression by compelling Intervenor-Defendants speech and association through the automatic funding of ASA.

## REQUEST FOR RELEIF

For all the foregoing reason, Plaintiff's claims should be rejected and al relief be denied by this Court.

///

///

///

///

Respectfully submitted March 22, 2013 by:

/S/Kurt M. Altman
Clint Bolick (Arizona Bar No. 021684)
Kurt M. Altman (Arizona Bar No. 015603)
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
500 E. Coronado Rd., Phoenix, AZ 85004
(602) 462-5000
litigation@goldwaterinstitute.org
*Attorneys for Intervenor-Defendants*

## CERTIFICATE OF SERVICE

I am an attorney and hereby certify that on March 22, 2013, I electronically filed the attached document with the Clerk of the Court for the United States District Court-District of Arizona by using the CM/ECF system.

Plaintiff Arizona Students Association and Defendant Arizona Board of Regents are registered CM/ECF users and service will be accomplished by the District Court's CM/ECF system. I certify that I also accomplished service by email to Stephen@montoyalawgroup.com behalf of Plaintiff ASA, and kanefieldj@ballardspahr.com on behalf of Defendant ABOR.

/S/Kurt M. Altman