Stephen Montoya (#011791)
Robert E. Pastor (#021963)
**Montoya, Jimenez & Pastor, P.A.**
The Great American Tower
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012
(602) 256-6718
(602) 256-6667 fax
stephen@montoyalawgroup.com
repastor@mjpattorneys.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| The Arizona Students' Association,<br><br>Plaintiff,<br><br>v.<br><br>The Arizona Board of Regents,<br><br>Defendant. | No. **CV 13-00306-PHX-JWS**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE GOLDWATER INSTITUTE'S MOTION TO INTERVENE** |

Plaintiff's request that the court deny the proposed-intervenor's motion because the five-students have not demonstrated a significantly protectable interest nor have they shown that the Arizona Board of Regents is incapable or unwilling to make arguments in defense of its decision to cut off Plaintiff's funding mechanism.

Plaintiff's response is supported by the following memorandum of points and authorities.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.      FACTS**

    **A.      ASA is a student-led advocacy organization funded by students.**

The Arizona Student's Association (ASA) was formed in 1974 by students at Arizona's three public universities. The ASA Board of Directors is composed of students from each of the three universities. Any student at one of the three

universities is eligible to serve on the board.

ASA is a student-based advocacy organization. It advocates for public university students before the Arizona legislature, the Arizona Board of Regents, and on campus. Its core mission is to make sure higher education in Arizona is accessible and affordable. Naturally, ASA supports candidates, legislation, and ballot measures that benefit Arizona's public university students.

The students themselves voluntarily fund ASA. In 2008, the students voted to increase the voluntary student fee from one dollar to two dollars. The two-dollar donation was collected at the beginning of each semester. Any student who did not want to contribute to ASA's mission of advocating for students simply had to ask ASA for a refund. The Arizona Board of Regents agreed to serve as the administrator for the collection and distribution of the funds collected.

**B.   ASA engaged in protected speech that was contrary to the Arizona Board of Regent's political agenda.**

Proposition 204 was a ballot measure on the November 6, 2012 ballot. It extended a one-cent sales tax that funded educational programs in Arizona, including programs at the three universities. The one-cent sales tax was first passed during a special election on May 18, 2010.

Consistent with its mission, ASA supported proposition 204. It collected signatures, drafted the argument supporting the proposition, and organized a get-out-the-vote campaign encouraging citizens to support accessible and affordable higher education. ASA's board of directors unanimously voted to appropriate $120,000 to the campaign in support of proposition 204.

On November 26, 2012, at the first opportunity after the November 6, 2012 election, the Arizona Board of Regents (ABOR) voted to suspend the collection of the two-dollar fee that university students voted for in 2008.

**C.   The five students are five politicians who have protected and asserted their First Amendment rights.**

   **1.   Paul Boyer**

Representative Paul Boyer is a Republican member of the Arizona House

of Representatives. He was elected in November 2012 to represent legislative district 20. He serves on the House Education Committee. He supported HB 2169 that was recently signed by Governor Brewer. The new law prohibits university-student organizations from using tuition money to influence legislation and elections.

Mr. Boyer never requested a refund from ASA.

### 2.     Joseph A. Grossman

Joseph Grossman is the president of the undergraduate student government on ASU's downtown campus. Grossman was a member of ASA Board of Directors until he resigned in September 2012; after ASA made its decision to financially support proposition 204.

In the fall of 2012, Grossman conducted an informal, unscientific poll to capture anecdotal information regarding the two-dollar fee. After the November 2012 election he lobbied the Board of Regents to change the mechanism by which the student fee was collected.

Mr. Grossman never requested a refund from ASA.

### 3     Mark Naufel

Mark Naufel is the president of the undergraduate student government on ASU's Tempe campus. He was treasurer of ASA Board of Directors up until he resigned in September 2012. As treasure, he was intimately familiar with how ASA used its funds. He voted to appropriate $120,000 from ASA's budget to support proposition 204.

Mr. Naufel never requested a refund from ASA.

### 4.     Jared K. Gorshe

Jared Gorshe is a sophomore at Northern Arizona University. He is a senator elect for NAU's student government. He ran on a platform of "making sure student fees are spent responsibly on necessary services and activities" and also promises to provide adequate funding for clubs not recognized by NAU.

Mr. Gorshe never requested a refund from ASA.

### 5. Max Ross

Max Ross is a student at the University of Arizona. He is an active member of the Greek system at the University of Arizona. Mark Naufel is a close friend of Max Ross.

Max Ross never requested a refund from ASA.

## II. ANAYLYSIS

Under Rule 24, Fed. R. Civ. Pro., a would-be intervenor may join the litigation as a matter of right or with the court's permission. The five-students do not satisfy Rule 24 in either scenario. Moreover, the would-be intervenors would only serve to confuse and detract from the central issue in this case: Is the ASA entitled to monetary and or injunctive relief for violating ASA's rights under the First Amendment?

### A. The five-students cannot intervene as a matter of right because they cannot satisfy the requirement of Rule 24, Fed. R. Civ. P.

To intervene as a matter of right, the five students must show (1) the motion is timely, (2) the applicants assert an interest relating to the property or transaction that is the subject of the action, (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede their ability to protect that interest; and (4) the applicant's interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a)(2). Portland Audubond Soc. v. Hodel, 866 F. 2d 302 (9th Cir. 1989)(motion to intervene was properly denied where intervenor may have economic interest but had no protectable interest justifying intervention). Plaintiff does not challenge the timeliness of the motion.

#### 1. The five students do not have a significantly protectable interest that would allow them to intervene as a matter of right.

To satisfy the interest requirement, the would-be intervenors must show some significantly protectable interest; an economic stake in the outcome is not enough. Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993)(district court

properly denied Tulalip Tribe's motion to intervene because there was no significant protectable interest).

The five students claim that if Plaintiffs prevail and ABOR continues to administer and distribute the student fee, the Regents will force them to support a message they oppose. *See Mtn to Intervene* at p. 5: 22-26 ("Should Plaintiffs prevail, the applicants' First Amendment rights will be directly affected by the disposition of this action. The Supreme Court has long recognized those very First Amendment implications of compelled speech.")  They are wrong.  The Board Regents are administrators.  It collects a voluntary donation made by private citizens and distributes the money to a private, independent entity.  The Board of Regents collection and distribution of the two-dollar donation does not amount to compelled speech.  If Plaintiff prevailed and ABOR returned to the system of collecting and distributing the two-dollar fee, the five students would simply need to request a refund.

The five students claimed interest also fails under Board of Regents of Univ. of Wisconsin v. Southworth, 529 U.S. 217, 230, 120 S. Ct. 1346, 1354 (2000).  In Board of Regents of the University of Wisconsin v. Southworth, the U.S. Supreme Court held that a public university does not violate an objecting student's rights under the First Amendment by imposing a mandatory student fee so long as allocation of student fees is viewpoint neutral.  Bd of Regents of Univ. of Wisconsin v. Southworth, 529 U.S. 217, 230, 120 S. Ct. 1346, 1354 (2000).

The two-dollar student donation in this case, however, is different from the fees imposed on students at the University of Wisconsin.  Students at the University of Wisconsin were required to pay a nonrefundable activity fee of $331.50 per year.  The fee was distributed by the Board of Regents to registered student organizations.  The two-dollar fee in this case is voluntary and refundable. The U.S. Supreme court commented that a refund system, similar to the one the Board of Regents allowed prior to November 2012, would adequately protect students' First Amendment interests.  Id.

### 2. The disposition of this case will not impair or impede the five students ability to protect their interests

Each of the would-be intervenors are well educated, active members of the university system. They serve in leadership positions on campus and within the greater community. If Plaintiff prevails and ABOR returns to the opt-out method of collecting the student fee, the five students are well aware that if they do not want to donate money to ASA, they simply have to request a refund.

### 3. The interests of the five students is adequately protected by ABOR

Not only have the First Amendment interest of the would-be intervenors already been adequately protected by the United State Supreme Court, their interest will continue to be protected by the Arizona Board of Regents and its lawyers.

The Arizona Board of Regents hired Joseph Kanefield, a partner at Ballard Spahr to defend its actions. Mr. Kanefield is a seasoned litigator. He is a former Assistant Attorney General. He served as the State Election Director and in-house counsel in the Arizona Secretary of State's Office. Most recently, he was general counsel to Arizona Governor Jan Brewer. His talents and accomplishments have garnered him recognition as a Top Lawyer in Arizona as well as a Distinguished Lawyer award from the State Bar of Arizona.

Mr. Kanefield also has a stable full of able-bodied lawyers. Ballard Spahr is a national law firm with more than 500 attorneys in 13 offices. Ballard Spahr is regarded as one of the best law firms in the business and one of the "go to" law firms for litigation. Its lawyers are regularly listed as leading lawyers in their practice areas and the firm is annually ranked by *U.S. News and World Reports* among the very best lawyers and law firms.

Mr. Kanefield and his team of lawyers also know that a voluntary student fee, implemented through an opt-out mechanism, does not infringe, much less violate, the would-be intervenors First Amendment interests. <u>Board of Regents of</u>

Univ. of Wisconsin v. Southworth, 529 U.S. 217, 230, 120 S. Ct. 1346, 1354 (2000)("If a university decided that its students' First Amendment interests were better protected by some type of <u>optional or refund system</u> it would be free to do so. We decline to impose a system of that sort as a constitutional requirement, however.")(emphasis added).

> **B.    The court should exercise its discretion and deny the five students motion to intervene.**

The relevant portion of Rule 24(b) may allow the five students to intervene if they share a common claim or defense. This court has the discretion to deny permissive intervention under the rule. Canatella v. California, 404 F.3d 1106 (9th Cir. 2005)(district court did not abuse its discretion in deny motion to intervene). In exercising its discretion, the district court "must consider whether intervention will unduly delay or prejudice the existing parties." In Re Benny, 791 F.2d 712, 722 (9th Cir. 1986)(district court did not abuse its discretion in denying motion to intervene under Rule 24(b)).

Plaintiff filed a claim for constitutional torts. The five-students cannot share a common defense because they did not retaliate against ASA for supporting proposition 204. The retaliatory conduct in this case falls squarely on the shoulders of the Arizona Board of Regents. Even protecting the interests of objecting students is not a defense to violating ASA's rights under the First Amendment. The five students participation in this case is meaningless and unnecessary.

Nor can the five students assert any counter claims or cross claims because they suffered no injury. An optional or refund system simply does not violate students' rights under the First Amendment. Univ. of Wisconsin v. Southworth, 529 U.S. 217, 230, 120 S. Ct. 1346, 1354 (2000).

The would-be intervenors participation would delay a decision on the merits and prejudice Plaintiff. By intervening, the Arizona Board of Regents would effectively have two sets of lawyers; one team of lawyers to defend its actions in court and a second team of lawyers to rally the base of likeminded citizens that

the Goldwater Institute relies upon for financial support.

## III.     CONCLUSION

For the reasons stated above, the five students' Motion to Intervene should be denied.

Respectfully submitted this 5th day of April 2013.

**MONTOYA, JIMENEZ & PASTOR, P.A.**

s/ Robert E. Pastor
Stephen Montoya
Robert E. Pastor
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012
Attorneys for Plaintiff

I hereby certify that on April 19, 2013, I electronically transmitted the foregoing documents to the Clerk of the Court Using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following recipients.

Joseph A. Kanefield
Craig C. Hoffman
Brunn E. Roysden II
1 East Washington Street, Ste 2300
Phoenix, Arizona 85004
Attorneys for Defendant

Goldwater Institute
Clint Bolick
Kurt M. Altman
500 E. Coronado Rd.
Phoenix, Arizona 85004
Attorneys for Intervenor-Defendants Five Individuals

    /s/ Robert E. Pastor